UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Melanie R. Tracy,

      Plaintiff,

v.                            Case No. 16-12052

Commissioner of Social Security,      Sean F. Cox
                                     United States District Court Judge

      Defendant.

_____/

**ORDER**
**ADOPTING 7/25/17 REPORT AND RECOMMENDATION**

Plaintiff Melanie R. Tracy filed this action, challenging a final decision of the

Commissioner of Social Security, denying her application for social security disability benefits.

The matter was referred to Magistrate Judge Anthony P. Patti for determination of all non-

dispositive motions pursuant to 28 U.S.C. § 636(b)(1) and Report and Recommendation pursuant

to § 636(b)(1)(B) and (C).  Thereafter, the parties filed cross-motions for summary judgment.

On July 25, 2017, Magistrate Judge Patti issued a Report and Recommendation ("R&R")

(Docket Entry No. 26) wherein he recommends that the Court deny Plaintiff's Motion for

Summary Judgment, grant Defendant's Motion for Summary Judgment, and affirm the

Commissioner's decision.

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a

matter by a Magistrate Judge must filed objections to the R&R within fourteen (14) days after

being served with a copy of the R&R.

Here, Plaintiff filed objections to the R&R on August 7, 2017, and Defendant filed  a

1

response to the objections on August 21, 2017.

To properly object to a magistrate judge's report and recommendation, however, the objecting party must do more than simply restate the arguments set forth in that party's motion for summary judgment:

> As an initial matter, to properly object to the R&R, Plaintiff must do more than merely restate the arguments set forth in her summary judgment motion. *See Owens v. Comm'r of Soc. Sec.,* 1:13-47, 2013 WL 1304470, a *3 (W.D. Mich. Mar. 28, 2013) (indicating that the "Court is not obligated to address objections [which are merely recitations of the identical arguments made before the magistrate judge] because the objections fail to identify the *specific* errors in the magistrate judge's proposed recommendations") (emphasis in original); *see also Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan,* 806 F. Supp. 380, 382 (W.D. N.Y. 1992) (recitations of nearly identical arguments are insufficient as objections and constitute an improper "second bite at the apple"); *Nickelson v. Warden,* No. 1:11-cv-334, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012) ("[O]bjections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition.").

*Senneff v. Colvin,* 2017 WL 710651 (E.D. Mich. Feb. 23, 2017); *see also Owens, supra*, at *3 (explaining that "objections" that simply rehash the arguments presented to and rejected by the magistrate judge "undermine the purpose of the Federal Magistrate's Act, 28 U.S.C. § 636, which serves to reduce duplicative work and conserve judicial resources.").

Here, in stating her objections to the R&R, Plaintiff restates the same arguments presented to the magistrate judge in Plaintiff's Motion for Summary Judgment.

First, Plaintiff objects to the magistrate judge's report that there was no error in the ALJ's conclusion that Plaintiff's need to ice and elevate her leg would not be work preclusive. This is the same argument that Plaintiff presented in her Motion for Summary Judgment. The Court agrees with the magistrate judge's conclusion that the "ALJ fully considered and accounted for Plaintiff's need to elevate and ice her foot throughout the day because there is nothing

inconsistent with this requirement in the RFC" and his analysis of the issue.  (R&R at 8-9).

Second, Plaintiff objects to the magistrate judge's conclusion that the ALJ gave good reasons for assigning little weight to Dr. Kissel's opinions.  The Court concurs with the magistrate judge's conclusion that the "ALJ's opinion gives good reasons for discounting the medical opinions at issue," including Dr. Kissel's opinions.  (*See* R&R at 13-15).

Finally, Plaintiff objects to the magistrate judge's conclusion that the ALJ properly assessed Plaintiff's level of pain.  Again, the Court agrees with the magistrate judge's conclusion and analysis as to this issue.  (*See* R&R at 15-16).

Accordingly, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the magistrate judge's July 25, 2017 R&R.  **IT IS FURTHER ORDERED** that: 1) Plaintiff's motion is **DENIED**; 2) Defendant's motion is **GRANTED**; and 3) the ALJ's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  September 6, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 6, 2017, by electronic and/or ordinary mail.

s/Jennifer McCoy
Case Manager